UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff | ) | |
| | ) | CIVIL NO. |
| | ) | |
| v. | ) | |
| | ) | |
| C. COLEMAN BUNTING, | ) | |
| A.K.A. C. COLEMAN BUNTING, SR. | ) | |
| | ) | |
| Defendant | ) | |

## COMPLAINT

The United States of America, on behalf of its Agency, The Farmers Home

Administration, now known as The Farm Service Agency, by its attorneys, Colm F. Connolly,

United States Attorney in and for the District of Delaware, and Patricia C. Hannigan, Assistant

U.S. Attorney for said District, and for its Complaint alleges:

1.    This is an action for mortgage foreclosure, within the jurisdiction of this Court

pursuant to the provisions of 28 U.S.C. § 1345.

2.    Plaintiff is the United States of America, acting on behalf of the Farm Service

Agency (FSA), a successor agency to the Farmers Home Administration, United States

Department of Agriculture with an office at 1201 College Park Drive, Suite 201, Dover,

Delaware 19904.

3.    Defendant is C. Coleman Bunting, a.k.a. C. Coleman Bunting, Sr., an adult

individual who resides at 3 Dorchester Street, Ocean City, Maryland 21842.

<u>COUNT I</u>

4.    On or about October 21, 1981, at the special instance and request of Defendant, C. Coleman Bunting, a.k.a. C. Coleman Bunting, Sr. (hereinafter "Defendant"), the Farm Service Agency (hereinafter "Plaintiff") lent to Defendant the sum of $125,500.00 pursuant to the Consolidated Farm and Rural Development Act.

5.    As evidence of the indebtedness, Defendant executed and delivered to the Plaintiff their Promissory Note dated October 21, 1981, in the amount of $125,500.00. A true and correct copy of the Note is attached hereto, and made a part hereof, as Exhibit A.

6.    On or about October 21, 1981, the Defendant, in further consideration for the loan, executed and delivered to the Plaintiff a mortgage whereby Defendant granted and conveyed the premises described therein to the Plaintiff. A true and correct copy of the mortgage is attached hereto, and made a part hereof, as Exhibit B.

7.    The Real Estate Mortgage was duly recorded with the Office of the Recorder of Deeds, Sussex County, Delaware, on October 21, 1981, in Book 619, Pages 177-182.

8.    Defendant is the Mortgagor and real owner of the property upon which foreclosure is sought, which is located at 3 Dorchester Street, Ocean City, Maryland 21842.

9.    Plaintiff is the owner and holder of the Promissory Note and Real Estate Mortgage.

10.   The Promissory Note provides, among other things, as follows:

> **DEFAULT:** Failure to pay when due any debt evidenced hereby or perform any covenant of agreement hereunder shall constitute default under this and any other instrument evidencing a debt of Borrower owing to, insured or Guaranteed by the Government or securing or otherwise relating to such debt; and default under any such other instrument shall constitute default hereunder. **UPON ANY SUCH DEFAULT,** the Government at its option may declare all or any part of any such indebtedness immediately due and payable.

11.    Defendant has failed or refused to comply with the provisions of the Promissory Note and Real Estate Mortgage, as follows:  (a) he has failed or refused to pay installments of principal and interest when due.

12.    Due to the breaches of the provisions and conditions of the said Promissory Note and Real Estate Mortgage, the Plaintiff does hereby elect to declare the entire amount of the indebtedness of the Promissory Notes and Real Estate Mortgages to be immediately due and payable.  True and correct copies of the acceleration notices are attached hereto, and made a part hereof, as Exhibit C and Exhibit D.

13.    There is now fully due and owing the Plaintiff on the Promissory Note and Real Estate Mortgage the following amounts:

(a)    Principal and advances.................................................................$125,551.00

(b)    Interest through July 13, 2006............................................................$439,097.04

TOTAL.........$564,648.04

©    Plus interest accruing from July 13, 2006 at a rate of $50.7284 per day. A certified Statement of Indebtedness is attached hereto as Exhibit E.

14.    No other action has been brought at law or in equity to enforce the provisions of the Promissory Note and Real Estate Mortgage, and all conditions precedent to the bringing of the action have been performed or have occurred.

15.    Plaintiff has complied with the requirements of 7 C.F.R. § 1951.901, *et. seq.*

WHEREFORE, the Plaintiff demands judgment as follows:

(a)    That Defendant, and every person whose conveyance or encumbrances are

subsequent or subsequently recorded, be forever barred and foreclosed of all

rights, claim, lien, and equity of redemption in the mortgaged premises;

(b)     That the parcel identified in the above-referenced mortgage as TRACT NO. 6 (Tax

ID No. 5-33 18.00 48.00), of the said premises, with 1.5696 acres excepted out by

a 1983 Partial Release (a true and correct copy of which is attached hereto as

Exhibit F), may be decreed to be sold according to law;

©       That the amount due to the Plaintiff on its Promissory Note and Real Estate

Mortgage may be adjudged;

(d)     That the monies arising from said sale be brought into Court;

(e)     That the Plaintiff be paid the amount adjudged due the Plaintiff with interest

thereon to the time of such payment, together with costs and expenses of this

action and expenses of said sale so far as the amount of such money applicable

thereto will pay the same; and

(f)     That the Plaintiff shall have such other and further relief in the premises as shall

be just and equitable.

COLM F. CONNOLLY
United States Attorney


By: _____
Patricia C. Hannigan
Assistant United States Attorney
Delaware Bar I.D. No. 2145
The Nemours Building
1007 Orange Street, Suite 700
P. O. Box 2046
Wilmington, DE 19899-2046
(302) 573-6277
Patricia.Hannigan@usdoj.gov

DATE: AUGUST 22, 2006

# EXHIBIT A



Form FmHA 1940-17
(11-1-78)

UNITED STATES DEPARTMENT OF AGRICULTURE
FARMERS HOME ADMINISTRATION

PROMISSORY NOTE

*29-03*

| KIND OF LOAN |
|---|
| Type: ___ EE-OL |
| Pursuant to: |
| ☐ Consolidated Farm & Rural Development Act |
| ☒ Emergency Agricultural Credit Adjustment Act of 1978 |

| Name | | ACTION REQUIRING NOTE | |
|---|---|---|---|
| C. COLEMAN BUNTING | | ☐ Inital loan | ☐ Rescheduling |
| State | County | ☒ Subsequent loan | ☐ Reamortization |
| DELAWARE | SUSSEX | ☐ Consolidation & subsequent loan | ☐ Credit sale |
| Case No. | Date | | ☐ Deferred payments |
| 07-03-221207612 | October 21, 1981 | ☐ Consolidation | |

FOR VALUE RECEIVED, the undersigned Borrower(s) and any comakers jointly and severally promise to pay to the order of the United States of America, acting through the Farmers Home Administration, United States Department of Agriculture, (herein called the "Government"), or its assigns, at its office in _____ GEORGETOWN, DELAWARE _____

_____, or at such other place as the Government may hereafter designate in writing, the principal sum of

ONE HUNDRED TWENTY-FIVE THOUSAND FIVE HUNDRED AND 00/100---------------------- dollars

($ 125,500.00 _____ ), plus interest on the unpaid principal balance at the **RATE** of

_____ FOURTEEN AND THREE-FOURTHS _____ percent ( 14.75 %) per annum. If this note is for a Limited Resource loan (indicated in the "Kind of Loan" box above) the Government may **CHANGE THE RATE OF INTEREST**, in accordance with regulations of the Farmers Home Administration, not more often than quarterly, by giving the Borrower thirty (30) days prior written notice by mail to the Borrower's last known address. The new interest rate shall not exceed the highest rate established in regulations of the Farmers Home Administration for the type of loan indicated above.

Principal and interest shall be paid in __8__ installments as indicated below, except as modified by a different rate of interest, on or before the following dates:

| | | |
|---|---|---|
| $ 100.00 _____ on January 1, 19 82 ; | $ 33,545.00 _____ on January 1, 19 83 ; |
| $ 33,545.00 _____ on January 1, 19 84 ; | $ 33,545.00 _____ on January 1, 19 85 ; |
| $ 33,545.00 _____ on January 1, 19 86 ; | $ 33,545.00 _____ on January 1, 19 87 ; |
| $ 33,545.00 _____ on January 1, 19 88 ; | $ N/A _____ on January 1, 19 __ ; |
| $ N/A _____ on January 1, 19 __ ; | $ N/A _____ on January 1, 19 __ ; |

and $ __N/A__ _____ thereafter on January 1st of each year until the principal and interest are fully paid except that the final installment of the entire indebtedness evidenced hereby, if not sooner paid, shall be due and payable __7__ years from the date of this note, and except that prepayments may be made as provided below. The consideration for this note shall also support any agreement modifying the foregoing schedule of payments.

If the total amount of the loan is not advanced at the time of loan closing, the loan funds shall be advanced to the Borrower as requested by Borrower and approved by the Government. Approval by the Government will be given provided the advance is requested for a purpose authorized by the Government. Interest shall accrue on the amount of each advance from its actual date as shown in the Record of Advances at the end of this note. Borrower authorizes the Government to enter the amount(s) and date(s) of such advance(s) in the Records of Advances.

For each rescheduled, reamortized or consolidated note, interest accrued to the date of this instrument shall be added to principal and such new principal shall accrue interest at the rate evidenced by this instrument.

Every payment made on any indebtedness evidenced by this note shall be applied first to interest accrued as of the date of receipt of the payment and then to principal.

Prepayments of scheduled installments, or any portion thereof, may be made at any time at the option of the Borrower. Refunds and extra payments, as defined in the regulations (7 CFR §1861.2) of the Farmers Home Administration according to the source of funds involved, shall, after payment of interest, be applied to the last installment to become due under this note and shall not affect the obligation of Borrower to pay the remaining installments as scheduled herein.

If the Government at any time assigns this note and insures the payment thereof, Borrower shall continue to make payments to the Government as collection agent for the Government. While this note is held by an insured holder, prepayments made by Borrower may, at the option of the Government, be remitted by the Government to the holder promptly or, except for final payment, be retained by the Government and remitted to the holder on an installment due date basis. The effective date of every payment made by Borrower, except payments retained and remitted by the Government on an installment due date basis, shall be the date of the United States Treasury check by which the Government remits the payment to the holder. The effective date of any prepayment retained and remitted by the Government to the holder on an installment due date basis shall be the date of the prepayment by Borrower, and the Government will pay the interest to which the holder is entitled accruing between such date and the date of the Treasury check to the holder.

Any amount advanced or expended by the Government for the collection of this note or to preserve or protect any security for the loan or otherwise expended under the terms of any security agreement or other instrument executed in connection with the loan evidenced hereby, at the option of the Government shall become a part of and bear interest at the same rate as the principal of the debt evidenced hereby and be immediately due and payable by Borrower to the Government without demand.

Property constructed, improved, purchased, or refinanced in whole or in part with the loan evidenced hereby shall not be leased, assigned, sold, transferred, or encumbered, voluntarily or otherwise, without the written consent of the Government. Unless the Government consents otherwise in writing, Borrower will operate such property as a farm if this is a Farm Ownership loan.

If "Consolidation and subsequent loan," "Consolidation," "Rescheduling," or "Reamortization" is indicated in the "Action Requiring Note" block above, this note is given to consolidate, reschedule or reamortize, but not in satisfaction of the unpaid principal and interest on the following described note(s) or assumption agreement(s) (new terms):

| FACE AMOUNT | INT. RATE | DATE | ORIGINAL BORROWER | LAST INSTALL. DUE |
|---|---|---|---|---|
| $ | % | , 19 | | , 19 |
| $ | % | , 19 | | , 19 |
| $ | % | , 19 | | , 19 |
| $ | % | , 19 | | , 19 |
| $ | % | , 19 | | , 19 |
| $ | % | , 19 | | , 19 |
| $ | % | , 19 | | , 19 |

Security instruments taken in connection with the loans evidenced by these described notes and other related obligations are not affected by this consolidating, rescheduling or reamortizing. These security instruments shall continue to remain in effect and the security given for the loans evidenced by the described notes shall continue to remain as security for the loan evidenced by this note, and for any other related obligations.

**REFINANCING (GRADUATION) AGREEMENT:** If at any time it shall appear to the Government that the Borrower may be able to obtain financing from a responsible cooperative or private credit source at reasonable rates and terms for loans for similar purposes and periods of time, Borrower will, at the Government's request, apply for and accept a loan(s) in sufficient amount to pay this note in full and, if the lender is a cooperative, to pay for any necessary stock.

**DEFAULT:** Failure to pay when due any debt evidenced hereby or perform any covenant of agreement hereunder shall constitute default under this and any other instrument evidencing a debt of Borrower owing to, insured or Guaranteed by the Government or securing or otherwise relating to such debt; and default under any such other instrument shall constitute default hereunder. **UPON ANY SUCH DEFAULT,** the Government at its option may declare all or any part of any such indebtedness immediately due and payable.

This Note is given as evidence of a loan to Borrower made or insured by the Government pursuant to the Consolidated Farm and Rural Development Act, or the Emergency Agricultural Credit Adjustment Act of 1978 and for the type of loan as indicated in the "Kind of Loan" block above. This Note shall be subject to the present regulations of the Farmers Home Administration and to its future regulations not inconsistent with the express provisions hereof.

(SEAL)

_____
C. Coleman Bunting                    _(Borrower)_

(SEAL)

_____
                                      _(Borrower)_


_____
Box 55A, Williamsville Road

_____
Selbyville, DE   19975


| RECORD OF ADVANCES | | | | | |
|---|---|---|---|---|---|
| AMOUNT | DATE | AMOUNT | DATE | AMOUNT | DATE |
| $ | | $ | | $ | |
| $ | | $ | | $ | |
| $ | | $ | | $ | |
| $ | | $ | | $ | |
| | | | TOTAL | $ | |

# EXHIBIT B



GOVERNMENT
EXHIBIT
*B*
CARDELS 800-783-0300

**1722**

BOOK 619 PAGE 177

*Position 5*

USDA-FmHA
Form FmHA 427-1 DE
(Rev. 6-3-75)

REAL ESTATE MORTGAGE FOR DELAWARE

THIS MORTGAGE is made and entered into by —C. COLEMAN BUNTING

residing in ——— Sussex ——— County, Delaware, whose post office address is

Box 55A, Williamsville Road, Selbyville ———, Delaware 19975 ,

herein called "Borrower," and:

WHEREAS Borrower is indebted to the United States of America, acting through the Farmers Home Administration, United States Department of Agriculture, herein called the "Government," as evidenced by one or more promissory note(s) or assumption agreement(s), herein called "note," which has been executed by Borrower, is payable to the order of the Government, authorizes acceleration of the entire indebtedness at the option of the Government upon any default by Borrower, and is described as follows:

| Date of Instrument | Principal Amount | Annual Rate of Interest | Due Date of Final Installment |
|---|---|---|---|
| October 21, 1981 | $125,500.00 | 14.75 % | October 21, 1988 |

And the note evidences a loan to Borrower, and the Government, at any time, may assign the note and insure the payment thereof pursuant to the Consolidated Farm and Rural Development Act, or Title V of the Housing Act of 1949;

And it is the purpose and intent of this instrument that, among other things, at all times when the note is held by the Government, or in the event the Government should assign this instrument without insurance of the note, this instrument shall secure payment of the note; but when the note is held by an insured holder, this instrument shall not secure payment of the note or attach to the debt evidenced thereby, but as to the note and such debt shall constitute an indemnity mortgage to secure the Government against loss under its insurance contract by reason of any default by Borrower:

NOW, THEREFORE, in consideration of the loan(s) and (a) at all times when the note is held by the Government, or in the event the Government should assign this instrument without insurance of the payment of the note, to secure prompt payment of the note and any renewals and extensions thereof and any agreements contained therein, including any provision for the payment of an insurance or other charge, (b) at all times when the note is held by an insured holder, to secure performance of Borrower's agreement herein to indemnify and save harmless the Government against loss under its insurance contract by reason of any default by Borrower, and (c) in any event and at all times to secure the prompt payment of all advances and agreement of Borrower contained herein or in any supplementary agreement, Borrower does hereby grant, convey, mortgage, assign and forever warrant unto the Government the following property situated in the State of Delaware, County(ies) of

Sussex ———— :

TRACT NO. 1: ALL that certain piece, parcel or lot of land lying and being situated in Baltimore Hundred, Sussex County and State of Delaware and lying on North side of black top road leading from Selbyville to Williamsville, bounded and described as follows, to-wit:

BEGINNING at a light pole settled on north right of way of aforesaid black top road corner for other land of C. Coleman Bunting and wife; thence with other land of aforesaid Bunting, North 21-3/4 degrees East 160 feet to a stake in line of other lands of Caleb L. McCabe, Jr., widower; thence with said land easterly 20 feet to a stake; thence South 21-3/4 degrees West 160 feet to an iron pipe driven on the north right of way of aforesaid black top road; thence with north right of way of said road wes-

FmHA 427-1 DE (Rev. 6-3-75)

BOOK 619 PAGE 178

terly 20 feet to beginning, containing 3,200 square feet, more or less.

BEING the same lands and premises that were conveyed to C. Coleman Bunting and Marie M. Bunting, his wife, by deed of Caleb L. McCabe, Jr., widower, dated January 4, 1961, and of record in the Office of the Recorder of Deeds, at Georgetown, Sussex County, Delaware, in Deed Record 529, page 502.

TRACT NO. 2: ALL that certain piece, parcel or lot of land lying and being situated in Baltimore Hundred, Sussex County and State of Delaware and lying on North side of Stone Road right of way from Selbyville to Bishopville, bounded and described as follows, to-wit:

BEGINNING at a stake driven on north side of said Stone Road right of way and being 80 feet easterly from a light pole; thence right angle to said highway, North 20 degrees 50 minutes East 160 feet to a stake; thence South 69 degrees 10 minutes East 100 feet to a stake; thence South 20 degrees 50 minutes West 160 feet to aforesaid Stone Road right of way; thence with said right of way, North 69 degrees 10 minutes West 100 feet to beginning, containing 16,000 square feet, more or less.

BEING the same lands that were conveyed to C. Coleman Bunting by deed of Caleb L. McCabe, Jr. and Pauline M. McCabe, his wife, dated January 26, 1950, and of record in the Office of the Recorder of Deeds, at Georgetown, Sussex County, Delaware, in Deed Record 392, page 400.

TRACT NO. 3: ALL that certain piece, parcel or lot of land lying and being situated in Baltimore Hundred, Sussex County and State of Delaware, and lying on the North side of black top road leading from Selbyville to Williamsville, bounded and described as follows, to-wit:

BEGINNING at an iron axle driven on North right of way of aforesaid black top road and corner of other land of C. Coleman Bunting and wife; thence with other lands of aforesaid Bunting, North 21-3/4 degrees East 160 feet to a stake in line of land of aforesaid McCabe, Jr., thence with said McCabe land easterly 65 feet to a stake, corner for land now or formerly of Walter E. Evans; thence with aforesaid Evans land in a southerly direction 160 feet to a stake driven on North right of way of aforesaid black top road; thence with north right of way of aforesaid road westerly 69 feet to place of beginning, containing 10,720 square feet, more or less.

BEING the same lands and premises that were conveyed unto C. Coleman Bunting and Marie M. Bunting, his wife, by deed of Paul F. Brasure and Nellie V. Brasure, his wife, dated January 11, 1961, and of record in the Office of the Recorder of Deeds, at Georgetown, Sussex County, Delaware, in Deed Record 530, page 98.

TRACT NO. 4: ALL that certain piece, parcel or tract of land, situate, lying and being in Baltimore Hundred, Sussex County and State of Delaware, bounded and described as follows, to-wit:

BOOK 619 PAGE 179

BEGINNING center of Bear Hole Canal and edge of fifteen foot outlet road; thence running down said Canal South 77-1/2° East 435 feet with land of Harley Evans; thence South 42-1/2 degrees East 300 feet, South 56-1/2 degrees East 300 feet, South 68-1/2 degrees East 346 feet; thence leaving Canal with cedar stake driven in an old pine stump a new line through woods North 31-7/8 degrees East 1235 feet to a marked pine tree and land now or formerly of F.A. Long; thence with said land north 60-1/2 degrees West 455 feet to cedar stake driven in a white oak stump; thence South 76 degrees West 310 feet to a cedar stake edge of field; thence North 54 degrees West 567 feet to a post and land now or formerly of John Murray; thence with said land and aforesaid outlet fifteen foot road South 35-7/8 degrees West 1183 feet home to the place of beginning, containing thirty-two and one-fourth (32-1/4) acres, more or less, said deed being copied from a survey made the 26th day of August, 1920, and said land being formerly owned by Daniel J. Murray, with all improvements.

BEING the same lands and premises conveyed to C. Coleman Bunting and Marie M. Bunting, his wife, by deed of Pepper Brothers, Inc., a corporation of the State of Delaware, dated November 23, 1955, and of record in the Office of the Recorder of Deeds, at Georgetown, Sussex County, Delaware, in Deed Record 454, page 200.

TRACT NO. 5:  ALL that certain tract, piece or parcel of land situate, lying and being in Baltimore Hundred, Sussex County, and State of Delaware, on the South side of the highway leading from Williamsville to Selbyville and being distant approximately 1,020 feet South of the aforesaid highway more particularly described as follows, to-wit:

BEGINNING in a ditch at the westerly side of an outlet road leading to the aforesaid highway, said point of beginning being distant approximately 1,020 feet South of the aforesaid highway measured along the Westerly side of said outlet road; thence along said ditch the following four courses:   South 72-1/2 degrees West 250 feet; North 67 degrees West 208 feet; South 60 degrees West 415 feet; South 14-1/4 degrees West 1,075 feet to White Oak Canal; thence following the meanderings of White Oak Canal in a Southeasterly direction such a distance as will reach another ditch intersecting said canal on the Easterly side thereof; thence along said ditch the following four courses: North 44-1/2 degrees East 687 feet; North 2 degrees West 88 feet; North 21-1/2 degrees West 168 feet; North 65 degrees East 40 feet; thence leaving said ditch South 38 degrees 45 minutes East 969 feet; thence North 52-1/4 degrees East 1287 feet; thence North 61 degrees 45 minutes West along another ditch 1450 feet; thence continuing with said ditch the following four courses:  North 65 degrees West 141 feet; North 37 degrees West 460 feet; North 6 degrees West 217 feet; North 83 degrees West 226 feet to the place of beginning, containing 70 acres of land, be the same more or less.

BEING a part of the lands and premises conveyed to C. Coleman Bunting by deed of Fulton J. Lynch and Madelyn L. Lynch, his wife, dated July 27, 1951, and of record in the Office of the Recorder of Deeds, at Georgetown, Sussex County, Delaware, in Deed Record 401, page 56 0.

BOOK 619 PAGE 180

THE ABOVE FIVE (5) TRACTS BEING the same lands conveyed to C. Coleman Bunting by deed of Marie M. Bunting, dated the 31st day of January, 1972, of record in the Office of the Recorder of Deeds, Georgetown, Delaware, in Deed Book 678, page 639.

TRACT NO. 6:   ALL that certain piece, parcel or tract of land lying and being situated in Baltimore Hundred, Sussex County and State of Delaware, bounded and described as follows, to wit:

BEGINNING at a sasafras stake in woods corner for lands now or formerly of Gora Bunting and James Carey, running North 41-2/5 degrees West 998 feet to center of bridge across outlet road thence down ditch with land now or formerly of Chester A. Lynch North 62-1/4 degrees East 259 feet North 58 degrees East 717 feet to intersection of two ditches and land now or formerly of Gardner Bunting thence with said Bunting land about South 62-1/4 degrees East 960 feet to a stone settled in ground thence South 52-1/4 degrees West 1295 feet, home, containing 23.6 acres, more or less, and said C. Coleman Bunting is to have an outlet down the old outlet road as it now is.

BEING the same land conveyed to C. Coleman Bunting, Sr. by deed of Marion E. Bunting and Chester F. Bunting, her husband, dated the 1st day of July, A.D. 1977, of record in the Office of the Recorder of Deeds, Georgetown, Delaware, in Deed Book  856 , page  57 .

together with all rights, interests, easements, hereditaments and appurtenances thereunto belonging, the rents, issues, and profits thereof and revenues and income therefrom, all improvements and personal property now or later attached thereto or reasonably necessary to the use thereof, including, but not limited to, ranges, refrigerators, clothes washers, clothes dryers, or carpeting purchased or financed in whole or in part with loan funds, all water, water rights, and water stock pertaining thereto, and all payments at any time owing to Borrower by virtue of any sale, lease, transfer, conveyance, or condemnation of any part thereof or interest therein-all of which are herein called "the property";

TO HAVE AND TO HOLD the property unto the Government and its assigns forever in fee simple.

BORROWER for himself, his heirs, executors, administrators, successors and assigns WARRANTS THE TITLE to the property to the Government against all lawful claims and demands whatsoever except any liens, encumbrances, easements, reservations, or conveyances specified hereinabove, and COVENANTS AND AGREES as follows:

(1) To pay promptly when due any indebtedness to the Government hereby secured and to indemnify and save harmless the Government against any loss under its insurance of payment of the note by reason of any default by Borrower. At all times when the note is held by an insured holder, Borrower shall continue to make payments on the note to the Government, as collection agent for the holder.

(2) To pay to the Government such fees and other charges as may now or hereafter be required by regulations of the Farmers Home Administration.

(3) If required by the Government, to make additional monthly payments of 1/12 of the estimated annual taxes, assessments, insurance premiums and other charges upon the mortgaged premises.

(4) Whether or not the note is insured by the Government, the Government may at any time pay any other amounts required herein to be paid by Borrower and not paid by him when due, as well as any costs and expenses for the preservation, protection, or enforcement of this lien, as advances for the account of Borrower. All such advances shall bear interest at the rate borne by the note which has the highest interest rate.

(5) All advances by the Government as described in this instrument, with interest, shall be immediately due and payable by Borrower to the Government without demand at the place designated in the latest note and shall be secured hereby. No such advance by the Government shall relieve Borrower from breach of his covenant to pay. Any payment made by Borrower may be applied on the note or any indebtedness to the Government secured hereby, in any order the Government determines.

(6) To use the loan evidenced by the note solely for purposes authorized by the Government.

(7) To pay when due all taxes, liens, judgments, encumbrances, and assessments lawfully attaching to or assessed against the property, including all charges and assessments in connection with water, water rights, and water stock pertaining to or reasonably necessary to the use of the real property described above, and promptly deliver to the Government without demand receipts evidencing such payments.

BOOK 819 PAGE 181

(8) To keep the property insured as required by and under insurance policies approved by, delivered to, and retained by the Government.

(9) To maintain improvements in good repair and make repairs required by the Government; operate the property in a good and husbandmanlike manner; comply with such farm conservation practices and farm and home management plans as the Government from time to time may prescribe; and not to abandon the property, or cause or permit waste, lessening or impairment of the security covered hereby, or, without the written consent of the Government, cut, remove, or lease any timber, gravel, oil, gas, coal, or other minerals except as may be necessary for ordinary domestic purposes.

(10) To comply with all laws, ordinances, and regulations affecting the property.

(11) To pay or reimburse the Government for expenses reasonably necessary or incidental to the protection of the lien and priority hereof and to the enforcement of or the compliance with the provisions hereof and of the note and any supplementary agreement (whether before or after default), including but not limited to costs of evidence of title to and survey of the property, costs of recording this and other instruments, attorneys' fees, trustees' fees, court costs, and expenses of advertising, selling, and conveying the property.

(12) Neither the property nor any portion thereof or interest therein shall be leased, assigned, sold, transferred, or encumbered, voluntarily or otherwise, without the written consent of the Government. The Government shall have the sole and exclusive rights as mortgagee hereunder, including but not limited to the power to grant consents, partial releases, subordinations and satisfaction, and no insured holder shall have any right, title or interest in or to the lien or any benefits hereof.

(13) At all reasonable times the Government and its agents may inspect the property to ascertain whether the covenants and agreements contained herein or in any supplementary agreement are being performed.

(14) The Government may extend and defer the maturity of and renew and reamortize the debt evidenced by the note or any indebtedness to the Government secured hereby, release from liability to the Government any party so liable thereon, release portions of the property from and subordinate the lien hereof, and waive any other rights hereunder, without affecting the lien or priority hereof or the liability to the Government of Borrower or any other party for payment of the note or indebtedness secured hereby except as specified by the Government in writing.

(15) If at any time it shall appear to the Government that the Borrower may be able to obtain a loan from a production credit association, a Federal land bank, or other responsible cooperative or private credit source, at reasonable rates and terms for loans for similar purposes and periods of time, the Borrower will, upon the Government's request, apply for and accept such loan in sufficient amount to pay the note and any indebtedness secured hereby and to pay for any stock necessary to be purchased in a cooperative lending agency in connection with such loan.

(16) Default hereunder shall constitute default under any other real estate, or under any personal property or other security instrument held or insured by the Government and executed or assumed by Borrower, and default under any such other security instrument shall constitute default hereunder.

(17) SHOULD DEFAULT occur in the performance or discharge of any obligation in this instrument or secured by this instrument, or should any one of the parties named as Borrower die or be declared an incompetent, a bankrupt, or an insolvent, or make an assignment for the benefit of creditors, the Government, at its option, with or without notice, may: (a) declare the entire amount unpaid under the note and any indebtedness to the Government hereby secured immediately due and payable, (b) for the account of Borrower incur and pay reasonable expenses for repair or maintenance of and take possession of, operate or rent the property, (c) upon application by it and production of this instrument, without other evidence and without notice of hearing of said application, have a receiver appointed for the property, with the usual powers of receivers in like cases, (d) foreclose this instrument as provided herein or by law, and (e) enforce any and all other rights and remedies provided herein or by present or future law.

(18) The proceeds of foreclosure sale shall be applied in the following order to, the payment of: (a) costs and expenses incident to enforcing or complying with the provisions hereof, (b) any prior liens required by law or a competent court to be so paid, (c) the debt evidenced by the note and all indebtedness to the Government secured hereby (d) inferior liens of record required by law or a competent court to be so paid, (e) at the Government's option, any other indebtedness of Borrower owing to or insured by the Government, and (f) any balance to Borrower. At foreclosure or other sale of all or any part of the property the Government and its agents may bid and purchase as a stranger and may pay the Government's share of the purchase price by crediting such amount on any debts of Borrower owing to or insured by the Government, in the order prescribed above.

(19) Borrower agrees that the Government will not be bound by any present or future State laws, (a) providing for valuation, appraisal, homestead or exemption of the property, (b) prohibiting maintenance of an action for a deficiency judgment or limiting the amount thereof or the time within which such action may be brought, (c) prescribing any other statute of limitations, (d) allowing any right of redemption or possession following any foreclosure sale, or (e) limiting the conditions which the Government may by regulation impose, including the interest rate it may charge, as a condition of approving a transfer of the property to a new Borrower. Borrower expressly waives the benefit of any such State law. Borrower hereby relinquishes, waives, and conveys all rights, inchoate or consummate, or descent, dower, and curtesy.

(20) If any part of the loan for which this instrument is given shall be used to finance the purchase, construction or repair of property to be used as an owner-occupied dwelling (herein called "the dwelling") and if Borrower intends to sell or rent the dwelling and has obtained the Government's consent to do so (a) neither Borrower nor anyone authorized to act for him will, after receipt of a bona fide offer, refuse to negotiate for the sale or rental of the dwelling or will otherwise make unavailable or deny the dwelling to anyone because of race, color, religion, sex, national origin, and (b) Borrower recognizes as illegal and hereby disclaims, and will not comply with or attempt to enforce any restrictive covenants on the dwelling relaing to race, color, religion, sex, or national origin.

(21) This instrument shall be subject to the present regulations of the Farmers Home Administration, and to its future regulations not inconsistent with the express provisions hereof.

(22) Notices given hereunder shall be sent by certified mail, unless otherwise required by law, addressed, unless and until some other address is designated in a notice so given, in the case of the Government to Farmers Home Administration, United States Department of Agriculture, at Newark, Delaware   19711, and in the case of Borrower to him at his post office address stated above.

(23) Upon default by Borrower as aforesaid, the Government may foreclose this instrument as authorized or permitted by the laws then existing of the jurisdiction where the property is situated and of the United States of America, on terms and conditions satisfactory to the Government, including but not limited to foreclosure by (a) statutory power of sale, or (b) advertisement and sale of the property at public auction to the highest bidder in one or more parcels at the Government's option and at the time and place and in the manner and after such notice and on terms required by statute or determined by the Government if not contrary to statute, or (c) written agreement hereafter made between Borrower and the Government.

(24) If any provision of this instrument or application thereof to any person or circumstances is held invalid, such invalidity will not affect other provisions or applications of the instrument which can be given effect without the invalid provision or application, and to that end the provisions hereof are declared to be severable.

IN WITNESS WHEREOF, Borrower has hereunto set Borrower's hand(s) and seal(s) this ———— 21st ———— day

of ———— October ————, 19 81 .

Signed, sealed, and delivered in the presence of:

_____                    _____(SEAL)
              (Witness)                               C. COLEMAN BUNTING

                                                 _____(SEAL)

## ACKNOWLEDGMENT

STATE OF DELAWARE
                                      } ss:
COUNTY OF  SUSSEX

BE IT REMEMBERED that on this  21st  day of  October , 19 81 ,

personally appeared before the subscriber, a Notary Public for the State of Delaware and County aforesaid, _____

C. COLEMAN BUNTING _____ and _____ N/A _____,
bbxxxxxxxxxxx, parties to this mortgage, personally known to me to be such, and they acknowledged said mortgage to be their act

and deed respectively; and that the said _____
the corporation party hereto executed the foregoing mortgage by acknowledged the same to be executed by said mortgage with their
corporate seal thereto affixed by the order of its board of directors.

WITNESS my hand and official seal the day and year aforesaid.

My commission expires: 1/31/85

(NOTARIAL SEAL)

RECEIVED
MARY ANN McCABE

Oct 21   1 50 PH '81

RECORDER OF DEEDS
SUSSEX COUNTY

# EXHIBIT C



300 S. New Street, Room 1108
Dover, Delaware  19901
(302) 674-1386

September 17, 1986

CERTIFIED MAIL - RETURN RECEIPT REQUESTED

Mr. C. Coleman Bunting
Box 55A, Williamsville Road
Selbyville, DE  19975

Subject:  NOTICE OF ACCELERATION OF YOUR DEBT TO THE FARMERS HOME
ADMINISTRATION AND DEMAND FOR PAYMENT OF THAT DEBT

Dear Mr. Bunting:

PLEASE NOTE that the entire indebtedness due on the promissory note(s)
and/or assumption agreement(s) which evidence the loan(s) received by
you from the United States of America, acting through the Farmers Home
Administration, United States Department of Agriculture is now declared
immediately due and payable.  They are described as follows:

| Date of Instrument | Amount |
|---|---|
| August 31, 1979 | $ 93,000.00 |
| May 7, 1981 | $ 52,000.00 |
| October 21, 1981 | $125,500.00 |

The promissory note(s) and/or assumption agreement(s) are secured by
Real Estate Mortgages, Security Agreements and Financing Statements
described (perfected) as follows:

| Type of Instrument | Date of Instrument | Place of Recordation (Filing) | Recorded In: Book No. Page No. (Recorded under Document No.) |
|---|---|---|---|
| Real Estate Mortgage | 08/31/79 | Sussex County Delaware | Book #512, Page #314 |
| Real Estate Mortgage | 05/07/81 | Sussex County Delaware | Book #594, Page #88 |
| Real Estate Mortgage | 10/21/81 | Sussex County Delaware | Book #619, Page #177 |
| Security Agreement | 08/31/79 | N/A | N/A |
| Security Agreement | 10/21/81 | N/A | N/A |

| Type of Instrument | Date of Instrument | Place of Recordation (Filing) | Recorded In: Book No. Page No. (Recorded under Document No.) |
|---|---|---|---|
| Security Agreement | 03/17/83 | N/A | N/A |
| Financing Statement | 08/31/79 | Recorder of Deeds Sussex County, DE | B-2356 |
| Financing Statement | 07/23/84 | Recorder of Deeds Sussex County, DE | B-2356 |
| Financing Statement | 03/07/83 | Recorder of Deeds Sussex County, DE | B-3655 |
| Financing Statement | 09/05/79 | Secretary of State of Delaware | 913676 |
| Financing Statement | 07/20/84 | Secretary of State of Delaware | 408137 |
| Financing Statement | 03/07/83 | Secretary of State of Delaware | 302487 |

This acceleration of your indebtedness is made in accordance with the authority granted in the above-described instrument(s).

The reason(s) for the acceleration of your indebtedness is as follows:

Your account is seriously delinquent.

The indebtedness due is $262,342.24 unpaid principal, and $145,749.02 unpaid interest, as of September 10, 1986, plus additional interest accruing at the rate of $89.3447 per day thereafter, plus any advances made by the United States for the protection of its security and interest accruing on any such advances. Unless full payment of your indebtedness is received within 30 days from the date of this letter, the United States will take action to foreclose the above described security instrument(s) and to pursue any other available remedies.

Payment should be made by cashier's check, certified check, or postal money order payable to the Farmers Home Administration and delivered to the County Supervisor of the Farmers Home Administration at 408 North DuPont Highway, Georgetown, Delaware 19947. If you submit to the United States any payment insufficient to pay the account in full or insufficient to comply with any arrangements agreed to between the Farmers Home Administration and yourself, that payment WILL NOT CANCEL the effect of this notice. If such insufficient payments are received and credited to your account, no waiver or prejudice of any rights which the United States may have for breach of any promissory note or covenant in the security instrument(s) will result and the Farmers Home Administration may proceed as though no such payment had been made.

( · )                                    (   )

If you fail to comply with the requirements outlined in this notice, the United States plans to proceed with foreclosure/liquidation.

YOU DO NOT HAVE ANY RIGHT TO APPEAL THIS DECISION TO ACCELERATE YOUR FmHA DEBT(S) TO ANY OFFICIAL OF THE FARMERS HOME ADMINISTRATION.

UNITED STATES OF AMERICA

BY _W. Drew Clendaniel_

W. DREW CLENDANIEL
District Director
Farmers Home Administration
U. S. Department of Agriculture

COPY SENT REGULAR MAIL

cc:  State Director, FmHA, Dover, DE
     County Supervisor, FmHA, Georgetown, DE

# EXHIBIT D





**United States Department of Agriculture**

January 25, 2006

Farm and Foreign Agricultural Services

Farm Service Agency

Delaware State FSA Office
1221 College Pk Dr
Suite 201
Dover, DE
19904-8713

Sent by First Class Mail and
Certified Mail # 7003 3110 0004 5914 4372
Return Receipt Requested

C. Coleman Bunting
3 Dorchester Street
Ocean City, MD  21842

Subject:   **NOTICE OF ACCELERATION OF YOUR DEBT TO FARM SERVICE AGENCY
AND DEMAND FOR PAYMENT OF THAT DEBT**

Dear Mr. Bunting:

PLEASE TAKE NOTE that the entire indebtedness due on the promissory notes which evidence the loans received by you from the United States of America, acting through the Farm Service Agency (FSA) (formerly the Farmers Home Administration), United States Department of Agriculture is now declared immediately due and payable.  They are described as follows:

| Date of Obligation | Amount |
|---|---|
| 8/31/79 | $  93,000 |
| 5/7/81 | $  52,000 |
| 10/21/81 | $125,500 |

The promissory notes are secured by real estate mortgages, security agreement, and financing statements described as follows:

| Date of Instrument | Place of Recordation/Filing | Recorded under Documents No. |
|---|---|---|
| 10/21/81 | Recorder of Deeds, Sussex County | Vol. 619, Page 177 |

The acceleration of your indebtedness is made in accordance with the authority granted in the above-described instruments.

The reason for the acceleration of your indebtedness is as follows:

    Account is in monetary default.
    Not occupying or operating the property.

The indebtedness due is $262,342.24 unpaid principal, and $769,845.35 unpaid interest, as of January 24, 2006, plus additional interest accruing at the rate of $89.3447 per day thereafter, plus any advances made by the United States for the protection of its security and interest accruing on any such advances.  Unless full payment of your indebtedness is received, made by

USDA is an Equal Opportunity Employer

C. Coleman Bunting
January 25, 2006
Page 2 of 3

one of the methods described below, within 30 days from the date of this letter, the United States will foreclose the above-described security instruments and pursue any other available remedies.

Full payment may be made in any of the following ways:

(A) CASH

Payment should be made by cashier's check, certified check, or postal money order payable to Farm Service Agency and delivered to the FSA Farm Loan Chief at the Delaware State FSA Office, 1221 College Park Drive, Suite 201, Dover, DE 19904. If you submit to the United States any payment insufficient to pay the account in full or insufficient to comply with any arrangements agreed to between the Farm Service Agency and yourself, that payment <u>WILL NOT CANCEL</u> the effect of this notice. If such insufficient payments are received and credited to your account, no waiver or prejudice of any rights which the United States may have for breach of any promissory note or covenant in the security instruments will result and the Farm Service Agency may proceed as though no such payment had been made.

(B) TRANSFER AND ASSUMPTION

You may transfer the collateral for your loans to someone who is willing and able to assume the debt. Contact the Farm Loan Officer immediately if you are interested in this.

(C) SALE

You may sell the collateral for your loans for its fair market value and send the proceeds to Farm Service Agency or to other creditors with liens prior to Farm Service Agency's lien. Contact the Farm Loan Officer immediately if you are interested in this.

(D) VOLUNTARY CONVEYANCE

You may convey all of your collateral to the Government. Contact the Farm Loan Officer immediately if you are interested in this.

The above-described security instruments provide that the United States may foreclose without Court action by selling the property at public sale after February 23, 2006. The Government intends to sell the property in this manner.

If you fail to comply with the requirements outlined in this notice within the next 30 days, the United States plans to proceed with foreclosure/liquidation.

C. Coleman Bunting
January 25, 2006
Page 2 of 3

YOU DO NOT HAVE ANY RIGHT TO APPEAL THIS DECISION TO ACCELERATE YOUR FSA DEBT TO ANY OFFICIAL OF THE FARM SERVICE AGENCY.

UNITED STATES OF AMERICA


BY _____

Robin L. Talley
District Director
Farm Service Agency
United States Department of Agriculture





**U.S. Postal Service**™
**CERTIFIED MAIL**™ **RECEIPT**
*(Domestic Mail Only; No Insurance Coverage Provided)*

For delivery information visit our website at www.usps.com®

# OFFICIAL USE

| | | |
|---|---|---|
| Postage | $ | .39 |
| Certified Fee | | 2.40 |
| Return Reciept Fee (Endorsement Required) | | 1.85 |
| Restricted Delivery Fee (Endorsement Required) | | |
| Total Postage & Fees | $ | 4.64 |

Postmark Here

*Sent To* C. Coleman Bunting
*Street, Apt. No.; or PO Box No.* 3 Dorchester Street
*City, State, ZIP+4* Ocean City, MD 21842

PS Form 3800, June 2002                    See Reverse for Instructions

7003 3110 0004 5914 4372

# EXHIBIT E



CARDELS 800-783-0399

GOVERNMENT
EXHIBIT

_E_

## Statement of Indebtedness

### Pay-off Amounts as of July 13, 2006

### C. Coleman Bunting
### Case Number:  07-003-0221207612

| No. | Loan Amount | Date | UnPaid Prin. | UnPaid Interest | D/A | Total |
|-----|-------------|------|--------------|-----------------|-----|-------|
| 29-03 | $ 125,500.00 | 10/21/81 | $125,500.00 | $ 439,035.21 | 50.7158 | $564,535.21 |
| 29-90 | 6.00 | 01/22/93 | 6.00 | 7.28 | .0015 | 13.28 |
| 29-91 | 25.00 | 01/22/93 | 25.00 | 30.31 | .0062 | 55.31 |
| 29-99 | 20.00 | 01/22/93 | 20.00 | 24.24 | .0049 | 44.25 |
| | | | | | 50.7284 | |

Total Indebtedness          $564,648.05

This statement is certified to be correct as of July 13, 2006

Norma Collins
Farm Loan Specialist

# EXHIBIT F



USDA–FHA  
Form FHA 460–1  
(Rev. 2–2–72).

796

Position 1 (Chattels)  
Position 5 (Real Estate)

VOL 107 PAGE 335

## PARTIAL RELEASE

KNOW ALL MEN BY THESE PRESENTS, That the United States of America, as owner and holder of the following-described lien

instrument(s), made and executed by......C. Coleman Bunting................and......N/A...................................of

......Box 55A, Williamsville Rd.,..............................................County of......Sussex......................., State of

......Delaware.............................................filed or recorded in the......Recorder of Deeds........................office of

......Sussex..........County, State of......Delaware........................., to wit:

| Lien Instrument | Mortgagee | Date of Instrument | Date Filed | Document, File or Book No. | Page No. |
|---|---|---|---|---|---|
| Real Estate Mortgage | FmHA | 10/21/81 | 10/21/81 | 619 | 177 |
| Real Estate Mortgage | FmHA | 5/7/81 | 5/7/81 | 594 | 88 |

for value received does hereby release from the lien of said instrument(s) the following-described property (describe property in detail):

See attached sheet, 1.5696 acres

$35,000 proceeds to be applied to first mortgagee, Federal Land Bank in total

Only the above-described property is released from the lien of the aforesaid instrument(s). This release shall not affect or modify the obligations secured by the said lien instrument(s), and the said obligations shall continue in force and effect until fully paid, satisfied, and discharged.

IN WITNESS WHEREOF, the United States of America has caused these presents to be signed the ....................................

day of......March 16..................19 83.

WITNESS:................................................................by.................................UNITED STATES OF AMERICA

W. Drew McDaniel

Title   State Director  
Farmers Home Administration  
United States Department of Agriculture

STATE OF......Delaware.....................

COUNTY OF......Kent..........................   ACKNOWLEDGMENT

On this......16th..............day of..........March...................19 83, before me, the subscriber, a

..........Notary Public..........................(Title of officer)..........................in and for the above county and State, appeared

......G. Wallace Caulk.............................................., known to me to be......State Director......................

Farmers Home Administration, United States Department of Agriculture, and the person who executed the foregoing instrument, and he acknowledged to me that he executed the same as the free act and deed of the United States of America, for the uses and purposes there-in mentioned.

IN WITNESS WHEREOF, I have hereunto set my hand and seal at......Dover, Delaware......................

......................................the day and year aforesaid.

(SEAL)

My commission expires......February 8, 1984......   Debra K. Armstrong.....................(Signature)  
(To be filled in if certifying officer is a notary public)   District Loan Assistant   (Title)

*U.S. GPO:1980-0-795-010/3072

FHA 460–1 (Rev. 2–2–72)

# C. KENNETH CARTER & ASSOCIATES

Route No. 2, Box 509
Selbyville, Del. 19975

VOL **107** PAGE **336**

Planning
Engineering
Surveying
Cadastral

Phones: 302 - 436-1515
302 - 436-5709

:Description of lands surveyed for Coleman Bunting, Jr.
Baltimore Hundred, Sussex County, Delaware.

All that certain piece, parcel, tract, or lot of land lying
and being situated in the Baltimore Hundred of Sussex County,
Delaware, being more particularly described as follows; to wit:

Beginning for this description at an iron pipe in a ditch,
it being a corner for the lands of Coleman Bunting Jr., and a corner
for the lands of Coleman Bunting Sr. and a corner for lands of parcel
herein described.    Said point is further described as being South
05°18'12" East, 932!17 from a concrete monument on the southerly
right of way of Rt. 54.    Thence from the said place of beginning
and by and with the said Coleman Bunting Sr. lands and the center
of said ditch South 89°23'28" West, 320!68 to the center of a road
right of way now layed out for thirty feet, thence by and with the
said center of a thirty foot road right of way the following three
courses North 08°55'59" East, 87!52; thence North 26°12'02" East,
96!63; thence North 13°48'38" East, 97!68 to a point in line of
a ditch; thence by and with the center of the ditch South 80°'10"
East, 222!37 to a concrete monument on the bank of the ditch and
lands of the aforesaid Coleman Bunting, Jr.; thence by and with
the said Coleman Bunting, Jr. lands South 05°18'12" East, 231!28
to the place of beginning.

Containing 1,5696 Acres of land; be the same more or less.

The description of the right of way to the parcel is as follows.
Beginning for this desoription at a point on the southerly right of
way of Rt. 54; said point is further described as being North
84°44'02' West, 111!26 from the same reference monument to the
location of the beginning point of the above described parcel.
Thence from the said place of beginning and by and with the center
of an undefined width of right of way the following three courses,
South 04°26'20" West, 284!34; thence South 01°40'21" West, 141!77;
thence South 04°08'20" West, 249!22 to the end of the fourth course
of the parcel description and the beginning of the thirty foot right
of way.

*C. Kenneth Carter*

C. Kenneth Carter,
Professional Land Surveyor

VOL. 107 PAGE 337

LANDS SURVEYED FOR
COLEMAN BUNTING, Jr.
BALTIMORE HUNDRED,
SUSSEX COUNTY, DELAWARE



Land of
Coleman Bunting, Sr.

1.5696 ac.

centerline of
30 row.

Lands of
Coleman Bunting, Jr.

centerline of existing
road row in use as com.

| | | |
|---|---|---|
| 1 | S 05°18'12" E | 231.28 |
| 2 | S 89°23'28" W | 320.68 |
| 3 | N 08°55'59" E | 87.52 |
| 4 | N 26°12'02" E | 96.63 |
| 5 | N 13°48'38" E | 97.68 |
| 6 | N 04°08'20" E | 249.22 |
| 7 | N 01°40'21" E | 141.77 |
| 8 | N 04°26'20" E | 284.34 |
| 9 | S 81° 07' 0" E | 222.37 |

Lands of
Charles C. Tyre

APPROVED
1.5696 Acres as an
extension to other
lands of Coleman
Bunting Jr. not
to be considered a
separate building lot.

COUNTY PLANNING & ZONING COMM.
OF SUSSEX COUNTY

THIS SURVEY AND PLOT DOES NOT VERIFY THE
EXISTENCE OR NON-EXISTENCE OF RIGHT-OF-WAYS
OR EASEMENTS CROSSING PROPERTY.

NO TITLE SEARCH PROVIDED OR STIPULATED.

RT. 54        60' r.o.w.



• Iron pipe
▪ con. mon.

SCALE 1" = 200'
Property lines as s...

RECEIVED
MARY ANN HAMMOND
'93 MAR 21 PM 1: 54

RECORDER OF DEEDS
SUSSEX COUNTY

C. KENNETH CARTER & ASSOCIATES
RT. 2, BOX 500, SELBYVILLE, DELAWARE 19975

No. LS-243

C. KENNETH CARTER          PROFESSIONAL LAND SURVEYOR

**JS 44** (Rev. 11/04)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

| I. (a) PLAINTIFFS | DEFENDANTS |
|---|---|
| UNITED STATES OF AMERICA | C. COLEMAN BUNTING, a/k/a "C. Coleman Bunting, Sr. |

| **(b)** County of Residence of First Listed Plaintiff _____ | County of Residence of First Listed Defendant  KENT COUNTY |
|---|---|
| (EXCEPT IN U.S. PLAINTIFF CASES) | (IN U.S. PLAINTIFF CASES ONLY) |
| | NOTE:  IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE LAND INVOLVED. |

| **(c)** Attorney's (Firm Name, Address, and Telephone Number) | Attorneys (If Known) |
|---|---|
| Patricia C. Hannigan, AUSA, 1007 Orange Street, Suite 700 Wilmington, DE 19899 | |

## II. BASIS OF JURISDICTION (Place an "X" in One Box Only)

☒ 1  U.S. Government Plaintiff

☐ 2  U.S. Government Defendant

☐ 3  Federal Question (U.S. Government Not a Party)

☐ 4  Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (Place an "X" in One Box for Plaintiff and One Box for Defendant)
(For Diversity Cases Only)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT (Place an "X" in One Box Only)

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 362 Personal Injury - | ☐ 620 Other Food & Drug | ☐ 423 Withdrawal | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product | Med. Malpractice | ☐ 625 Drug Related Seizure | 28 USC 157 | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | Liability | ☐ 365 Personal Injury - | of Property 21 USC 881 | | ☐ 450 Commerce |
| ☐ 150 Recovery of Overpayment | ☐ 320 Assault, Libel & | Product Liability | ☐ 630 Liquor Laws | **PROPERTY RIGHTS** | ☐ 460 Deportation |
| & Enforcement of Judgment | Slander | ☐ 368 Asbestos Personal | ☐ 640 R.R. & Truck | ☐ 820 Copyrights | ☐ 470 Racketeer Influenced and |
| ☐ 151 Medicare Act | ☐ 330 Federal Employers' | Injury Product | ☐ 650 Airline Regs. | ☐ 830 Patent | Corrupt Organizations |
| ☐ 152 Recovery of Defaulted | Liability | Liability | ☐ 660 Occupational | ☐ 840 Trademark | ☐ 480 Consumer Credit |
| Student Loans | ☐ 340 Marine | **PERSONAL PROPERTY** | Safety/Health | | ☐ 490 Cable/Sat TV |
| (Excl. Veterans) | ☐ 345 Marine Product | ☐ 370 Other Fraud | ☐ 690 Other | | ☐ 810 Selective Service |
| ☐ 153 Recovery of Overpayment | Liability | ☐ 371 Truth in Lending | **LABOR** | **SOCIAL SECURITY** | ☐ 850 Securities/Commodities/ |
| of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 380 Other Personal | ☐ 710 Fair Labor Standards | ☐ 861 HIA (1395ff) | Exchange |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle | Property Damage | Act | ☐ 862 Black Lung (923) | ☐ 875 Customer Challenge |
| ☐ 190 Other Contract | Product Liability | ☐ 385 Property Damage | ☐ 720 Labor/Mgmt. Relations | ☐ 863 DIWC/DIWW (405(g)) | 12 USC 3410 |
| ☐ 195 Contract Product Liability | ☐ 360 Other Personal | Product Liability | ☐ 730 Labor/Mgmt.Reporting | ☐ 864 SSID Title XVI | ☐ 890 Other Statutory Actions |
| ☐ 196 Franchise | Injury | | & Disclosure Act | ☐ 865 RSI (405(g)) | ☐ 891 Agricultural Acts |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ☐ 740 Railway Labor Act | **FEDERAL TAX SUITS** | ☐ 892 Economic Stabilization Act |
| ☐ 210 Land Condemnation | ☐ 441 Voting | ☐ 510 Motions to Vacate | ☐ 790 Other Labor Litigation | ☐ 870 Taxes (U.S. Plaintiff | ☐ 893 Environmental Matters |
| ☒ 220 Foreclosure | ☐ 442 Employment | Sentence | ☐ 791 Empl. Ret. Inc. | or Defendant) | ☐ 894 Energy Allocation Act |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/ | Habeas Corpus: | Security Act | ☐ 871 IRS—Third Party | ☐ 895 Freedom of Information |
| ☐ 240 Torts to Land | Accommodations | ☐ 530 General | | 26 USC 7609 | Act |
| ☐ 245 Tort Product Liability | ☐ 444 Welfare | ☐ 535 Death Penalty | | | ☐ 900Appeal of Fee Determination |
| ☐ 290 All Other Real Property | ☐ 445 Amer. w/Disabilities - | ☐ 540 Mandamus & Other | | | Under Equal Access |
| | Employment | ☐ 550 Civil Rights | | | to Justice |
| | ☐ 446 Amer. w/Disabilities - | ☐ 555 Prison Condition | | | ☐ 950 Constitutionality of |
| | Other | | | | State Statutes |
| | ☐ 440 Other Civil Rights | | | | |

## V. ORIGIN (Place an "X" in One Box Only)

☒ 1 Original Proceeding

☐ 2 Removed from State Court

☐ 3 Remanded from Appellate Court

☐ 4 Reinstated or Reopened

☐ 5 Transferred from another district (specify)

☐ 6 Multidistrict Litigation

☐ 7 Appeal to District Judge from Magistrate Judgment

## VI. CAUSE OF ACTION

Cite the U.S. Civil Statute under which you are filing (Do not cite jurisdictional statutes unless diversity):
28 U.S.C. SECTION 1345

Brief description of cause:
Mortgage Foreclosure

## VII. REQUESTED IN COMPLAINT:

☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23

DEMAND $ 564,648.04

CHECK YES only if demanded in complaint:
JURY DEMAND: ☐ Yes  ☐ No

## VIII. RELATED CASE(S) IF ANY

(See instructions): JUDGE _____  DOCKET NUMBER _____

DATE  8/24/06

SIGNATURE OF ATTORNEY OF RECORD

**FOR OFFICE USE ONLY**

RECEIPT # _____   AMOUNT _____   APPLYING IFP _____   JUDGE _____   MAG. JUDGE _____

AO FORM 85 RECEIPT (REV. 9/04)

## United States District Court for the District of Delaware

Civil Action No. _____ 0 6 ⁻ 5 2 3 ⁻ _____

# ACKNOWLEDGMENT
# OF RECEIPT FOR AO FORM 85

## *NOTICE OF AVAILABILITY OF A*
## *UNITED STATES MAGISTRATE JUDGE*
## *TO EXERCISE JURISDICTION*

I HEREBY ACKNOWLEDGE RECEIPT OF _____ COPIES OF AO FORM 85.

_____8/24/06_____
(Date forms issued)

_____
(Signature of Party or their Representative)

FRANK JOYCE PARCELS, INC.
(Printed name of Party or their Representative)

Note: Completed receipt will be filed in the Civil Action