IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| UNITED STATES OF AMERICA, | : |
| Plaintiff | : |
| v. | : CIVIL ACTION NO. 06-523-JJF |
| C. COLEMAN BUNTING, a/k/a "C. Coleman Bunting, Sr.," | : |
| | : |
| Defendant | : |

### AMENDED MOTION FOR ORDER OF FORECLOSURE AND SALE

The United States of America, by and through its attorney, respectfully shows as follows:

1. Default was entered on February 27, 2007 and Judgment by Default was entered on July 27, 2007, against defendant upon Motion and declaration for same annexed thereto.

2. The United States desires to consummate the foreclosure and sale of the mortgaged premises subject to this action with respect to which it is sole mortgagee.

**WHEREFORE**, the United States moves this Court enter an Order, Judgment and Decree substantially in the form attached hereto.

COLM F. CONNOLLY
United States Attorney

By: /s/ Patricia C. Hannigan
PATRICIA C. HANNIGAN
Assistant United States Attorney
Delaware Bar I.D. No. 2145

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| UNITED STATES OF AMERICA, | : |
| Plaintiff | : |
| v. | : CIVIL ACTION NO. 06-523-JJF |
| C. COLEMAN BUNTING,<br>a/k/a "C. Coleman Bunting, Sr.," | :<br>: |
| Defendant | : |

### AMENDED ORDER OF FORECLOSURE AND SALE

**AND NOW**, THIS　　　　DAY OF　　　　, 2007, the foregoing Motion having been read and considered, it is

**ORDERED, ADJUDGED AND DECREED** as follows:

1. That the mortgage described in the Complaint herein be, and the same hereby is, foreclosed from any equity of redemption in and to the lands and premises therein described.

2. The said lands and premises be sold to the highest bidder by the United States Marshal at public sale to be held at The Circle, Georgetown, Delaware, on the **8th day of January, 2008**, at **11:30 a.m.**, after notice has been given in accordance with 28 U.S.C. Section 2002, once a week for four consecutive weeks prior to sale in one newspaper in general circulation in Sussex County, Delaware, the first such notice to be given on or before **December 11, 2007**, in substantially the form in Exhibit A attached hereto.

3. The terms and conditions of the sale shall be as follows:

(a) The United States may bid a credit against its judgment and interest thereon, costs, and expenses without tender of cash, as provided by Title 31, United States Code, Section 3715.

(b) The terms of sale as to all other persons or parties bidding shall be cash or certified check. The successful bidder, called purchaser herein, shall be required to deposit with the United States Marshal cash, or a certified check, equal to ten percent (10%) of his total bid immediately upon the property being struck off and awarded to him as the highest and best bidder; and the remaining ninety percent (90%) of said purchase price to be paid within ten (10) days from the original sale date of **January 8, 2008**, before 5:00 p.m. If the highest bidder fails to settle, all his rights in the real estate shall cease and be completely void and the property may be readvertised and sold by the Marshal without further order of the Court at the risk of the defaulting bidder whose deposit shall be forfeited; and in the case of a deficiency on such resale, he shall make good the same to the persons thereby injured.

4. A hearing be held on _____, at _____ a.m. in Court Room No. 6-B in the Federal Courthouse, 844 King Street, Wilmington, Delaware, to consider confirmation of the sale herein ordered and to consider any objections which may be made to said sale.

5. A true copy of this Order and Decree, with attached exhibit, be delivered forthwith to the United States Marshal by the Clerk.

6.  That jurisdiction is retained over this matter for the granting of such orders or decrees as the circumstances may require.

HONORABLE JOSEPH J. FARNAN, JR.
United States District Court Judge

## UNITED STATES MARSHAL'S AD

UNDER and by virtue of an ORDER OF SALE and issued by the United States District Court for the District of Delaware, in mortgage foreclosure proceedings by the United States of America, on behalf of its agency, Farm Service Agency, U.S. Department of Agriculture, as the suit of UNITED STATES OF AMERICA v. C. COLEMAN BUNTING, A.K.A. C. COLEMAN BUNTING, SR., Civil Action No. 06-523, notice is hereby given that I, _____, United States Marshal, as Trustee, will sell for cash at public auction sale:

**DATE OF SALE:** _____   **TIME:** Starting at _____ and will be sold as follows:

**LOCATION OF SALE:** Courthouse steps at the The Circle, Georgetown, Delaware, Sussex County, Delaware.

This auction consists of the parcel as indicated in the auction item and legal description below. The parcel is being sold subject to existing easements. The auction does not include the out conveyance recorded in Volume 107 at Page 335 of the land records of Sussex County, Delaware. The bid amount represents the Government's bid for the auction item.

**AUCTION ITEMS:**

A parcel of land located in Baltimore Hundred, Sussex County, State of Delaware, and more particularly described in a mortgage dated October 21, 1981, recorded on October 21, 1981, in Book 619, Page 177 of the land records of Sussex County, Delaware, identified in the above-referenced mortgage as TRACT NO. 6 (Tax ID No. 5-33 18.00 48.00) of the said premises, with 1.5696 acres excepted out by a 1983 Partial Release, which is recorded in Volume 107 at Page 335 of the land records of Sussex County, Delaware.

Farm Service Agency, formerly known as Farmers Home Administration, U.S. Department of Agriculture, will enter a bid in the amount of $_____. (FSA will provide when Marshal sets sale date)

**Additional information is available about the property at http://www.resales.usda.gov.**

**PROPERTY DESCRIPTION:**

LEGAL DESCRIPTION: The property further described in the above-cited mortgage reference as:

TRACT NO. 6: ALL that certain piece, parcel or tract of land lying and being situated in Baltimore Hundred, Sussex County and State of Delaware, bounded and described as follows, to wit:

BEGINNING at a sasafras stake in woods corner for lands now or formerly of Gora Bunting and James Carey, running North 41-2/5 degrees West 998 feet to center of bridge across outlet road thence down ditch with land now or formerly of Chester A. Lynch North 62-1/4 degrees East 259 feet North 58 degrees East 717 feet to intersection of two ditches and land now

GOVERNMENT EXHIBIT A

or formerly of Gardner Bunting thence with said Bunting land about South 62-1/4 degrees East 960 feet to a stone settled in ground thence South 52-1/4 degrees West 1295 feet, home, containing 23.6 acres, more or less, and said C. Coleman Bunting is to have an outlet down athe old outlet road as it now is.

BEING the same land conveyed to C. Coleman Bunting, Sr. By deed of Marion E. Bunting and Chester F. Bunting, her husband, dated the 1st day of July, A.D. 1977, of record in the Office of the Recorder of Deeds, Georgetown, Delaware, in Deed Book 856, page 57.

**TERMS OF SALE:** A deposit of 10% of the purchase price shall be paid at the time and place of the sale. The deposit shall be paid in the form of cash (or certified or cashier's check made payable to the Treasurer of the United States c/o U.S. Marshal). The balance of the purchase price shall be paid in the form of cash (or certified or cashier's check made payable to the Treasurer of the United States c/o U.S. Marshal) within ten (10) days from the original date of _____, 2007, before 5:00 p.m. Taxes, water and sewage charges to be paid by the purchaser subsequent to the date of sale. All other public charges and assessments payable on an annual or periodic basis, including but not limited to sanitary charges, shall be paid by the purchaser subsequent to the date of sale. Responsibility and cost of all conveying, recording, revenue stamps, documentary stamps, transfer taxes, document preparation, title insurance and other expenses of sale shall be borne by the purchaser. The property is being sold in as "as is" condition. If the property is occupied upon or after the conveyance of the property by the Trustee to the purchaser, the purchaser is responsible for the eviction of the occupants, at the cost, expense, and risk of the purchaser; any and all costs expended by the purchaser are not reimbursable by the United States of America or any of its agents or employees. In the event of default by the purchaser, the property shall be resold at the risk and cost of the defaulting purchaser, to wit, the 10% deposit shall be withheld by the United States of America as liquidated damages and is not refundable.

_____, **U.S. MARSHAL**
**DISTRICT OF DELAWARE**


Advertise: <Name & Address of Newspaper, and the dates ad is to appear>